United States District Court
Southern District of Texas
**ENTERED**
June 01, 2023
Nathan Ochsner, Clerk

```
                      UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


JOHNATHAN FIELDS,              §
SPN 02716543,                  §
         Plaintiff,            §
                               §
VS.                            §    CIVIL ACTION NO. H-23-1133
                               §
AMY MARTIN, et al.,            §
                               §
         Defendants.           §
```

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Johnathan Fields (SPN 02716543) is a pre-trial detainee currently confined in the Harris County Jail. *See* Doc. No. 1. He has filed this prisoner civil rights action under 42 U.S.C. § 1983 against the presiding judges in his criminal case, his defense attorney, and the prosecutor, seeking the dismissal of his case and $700,000 in damages. Id. at 4. After reviewing the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for the reasons set forth below.

### I.   Background

According to the pleadings and public records, Fields is awaiting trial under felony indictments for burglary with the

intent to commit another crime in Harris County cause number 17546620, and aggravated assault with a deadly weapon in Harris County cause number 17546630. Fields alleges that he has not been arraigned and that he has been confined in jail for fourteen months. He complains that he has filed several *pro se* motions, but his attorney will not present them to the judge. He alleges that he went to court to fire his appointed counsel but the judge assigned the same counsel to his case again. He states that he told the court that he was not arraigned but they just continue to hold him and push his court date back. Doc. No. 1 at 4.

## II. Discussion

Federal courts do not intervene in state court prosecutions except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. Younger v. Harris, 91 S. Ct. 746, 753 (1971). The Fifth Circuit recently underscored the importance of Younger abstention, explaining that the Supreme Court's opinion "traces a 'longstanding public policy against federal interference with state court proceedings,' based in part on 'the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied

2

equitable relief.'" Daves v. Dallas Cnty., Texas, 64 F.4th 616, 624 (5th Cir. 2023) (quoting Younger, 91 S. Ct. at 750).

Younger abstention is advised when: "(1) the dispute should involve an 'ongoing state judicial proceeding;' (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an 'adequate opportunity in the state proceedings to raise constitutional challenges.'" Wightman v. Texas Supreme Ct., 84 F.3d 188, 189 (5th Cir. 1996) (quoting Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n, 102 S. Ct. 2515, 2521 (1982)).

All three criteria supporting Younger abstention are present here. First, Fields is awaiting trial in Harris County on serious felony charges; therefore, this dispute involves ongoing state court proceedings. Second, the State of Texas has an important interest in prosecuting violent crimes. DeSpain v. Johnston, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Third, Fields has an adequate opportunity to raise, in state court, any constitutional challenges and state procedural issues. See Younger, 91 S. Ct. at 750. Fields does not establish that extraordinary circumstances are present regarding his criminal proceedings. Therefore, abstention under Younger is appropriate.

## III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; it is further

**ORDERED** that all other motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 1st day of June, 2023.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE